591 P.2d 978

STATE of Arizona, Appellee,

v.

Leroy C. SMITH, Jr., Appellant.

No. 4347–PR.

Supreme Court of Arizona,
In Banc.

Feb. 23, 1979.

Robert K. Corbin, Atty. Gen., John A. LaSota, Jr., Former Atty. Gen., Galen H. Wilkes, Asst. Atty. Gen., Charles F. Hyder, Maricopa County Atty., Randy Ellexson, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

We granted defendant's petition for review of a denial by the Court of Appeals of his motion for rehearing. Taking jurisdiction pursuant to 17A A.R.S., Arizona Supreme Court Rules, rule 47(b), we vacate the order denying defendant's motion for rehearing and remand the matter to the Court of Appeals for a decision on the motion's merits.

The sole issue before us is whether 17 A.R.S., Rules of Criminal Procedure, rule 1.3, which adds five days to the time within which a party can take action if notice is given by mail, applies to 17A A.R.S., Rules of the Supreme Court, rule 47(a). Rule 47(a) pertains to the filing of a motion for rehearing in the Court of Appeals.

Leroy C. Smith, Jr. was convicted of second degree murder. On appeal his conviction was affirmed by the Court of Appeals. Pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 32 he filed a petition for post conviction relief, which was denied by both the trial court and the Court of Appeals. Subsequently, he filed a second petition for post conviction relief, which was also denied by both courts.

The Court of Appeals' memorandum decision denying the second petition was filed on June 20, 1978, and was served by mail upon the parties. Twenty days later, defendant filed a motion for rehearing.

The state moved to dismiss defendant's motion, alleging that the rules did not provide for the filing of a motion for rehearing in conjunction with a petition for post conviction relief, and that the motion was untimely. The Court of Appeals dismissed the motion, finding that although a motion for rehearing may be filed in this situation, rule 1.3 does not apply so as to extend the time for filing when notice is given by mail.

Rule 1.3 provides:

"* * * Whenever a party has the *right* or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, five days shall be added to the prescribed period." (Emphasis added.)

The defendant's motion for rehearing by the Court of Appeals was made pursuant to Supreme Court rule 47(a):

"Any party desiring a rehearing from a decision or an order finally disposing of any case in the Court of Appeals, except an order denying a motion for rehearing, *may, within fifteen days after the clerk has given notice that a decision or final order has been rendered by the Court of Appeals*, file therein a Motion in writing for a rehearing * * *." (Emphasis added.)

The Court of Appeals found that rule 1.3 was not applicable, because defendant was not required to file a motion for rehearing. Rule 1.3 applies, however, whenever a party has a right *or* is required to take some action. The Court of Appeals correctly determined that defendant has a right to file this motion. The fifteen day period within a party may file a motion for rehearing does not begin to run until after the clerk has given notice that a final order has been rendered by the Court of Appeals. We fail to see, therefore, why rule 1.3 should not apply when the clerk gives notice by mail.

The Arizona Appellate Handbook (1977) supports this position:

"After any decision or order of the appellate court that disposes of an appeal, except an order denying rehearing, any aggrieved party may file a motion for

rehearing. The motion must be filed within fifteen days after *service* of the decision or order. R.Crim.P. 1.3 allows five extra days for filing the motion for rehearing when service of the disposition is made by mail." (Emphasis in original.) Arizona Appellate Handbook, § 4.14.[1]

We find that, because the defendant was given notice of the Court of Appeals' decision by mail, his motion was timely when it was filed within twenty days of the filing of the order. The order of the Court of Appeals denying defendant's motion for rehearing is vacated. Defendant's motion for rehearing is remanded to the Court of Appeals for a decision on its merits.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.

---

1. The Arizona Appellate Handbook was prepared and published by a committee appointed by this Court with the assistance of volunteer members of the State Bar of Arizona. Its contents have not been formally approved by this Court, because the Court does not give advisory opinions on such matters when there is no case or controversy before it. The Court feels that use of the Handbook is helpful to both the attorney and the court. In its use, however, the practitioner should keep in mind that the Handbook material is general only and not patterned to specific fact situations. Therefore, *this Court will pass upon specific constructions* of the material on a case by case basis.